# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

DAVID BOLING,              )
                                 )
      Plaintiff,          )
                                 )
                                 )
v.                           )      No. 05-1129-T-An
                                 )
                                 )
GIBSON COUNTY, GIBSON COUNTY    )
SHERIFF'S DEPARTMENT, JOSEPH    )
SHEPHERD, SHERIFF OF GIBSON     )
COUNTY, CITY OF MEDINA, CITY OF  )
MEDINA POLICE DEPARTMENT, JAMES )
BAKER, CHIEF OF POLICE OF MEDINA, )
CHAD DAVIS, INVESTIGATOR OF      )
MEDINA POLICE DEPARTMENT,      )
MADISON COUNTY, MADISON COUNTY )
SHERIFF'S DEPARTMENT, DAVID L.   )
WOOLFORK, SHERIFF OF MADISON   )
COUNTY, TOMMY G. BUNTIN, DEPUTY )
OF MADISON COUNTY SHERIFF'S     )
DEPARTMENT, AND JOHN AND/OR    )
JANE DOES,                      )
                                 )
      Defendants.       )

---

## ORDER GRANTING IN PART AND DENYING IN PART
## DEFENDANT'S MOTION TO DISMISS

---

The plaintiff, David Boling, filed this action pursuant to 42 U.S.C. § 1983 against Gibson

County, the Gibson County Sheriff's Department, Joseph Shepherd, the Sheriff of Gibson

County, the City of Medina, the City of Medina Police Department, James Baker, the Chief of

Police of Medina, Chad Davis, an investigator for the Medina Police Department, Madison

1

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on ___08-03-05___

County, the Madison County Sheriff's Department, David L. Woolfork, the Sheriff of Madison County, Tommy G. Buntin, a deputy of the Madison County Sheriff's Department, as well as an unnumbered and unidentified group of law enforcement personnel for the City of Medina, Gibson County, and Madison County ("John and Jane Does"). Plaintiff asserts that his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments were violated when he was arrested and detained as the result of actions and omissions by the defendants. Plaintiff also alleges state law claims against defendants, including negligence, outrageous conduct, false arrest, and malicious prosecution, pursuant to the Tennessee Governmental Tort Liability Act (TGTLA), Tenn. Code Ann. § 29-20-201 *et seq.*, invoking the court's supplemental jurisdiction under 28 U.S.C. § 1367. Moreover, plaintiff contends that defendants violated his rights under Article I of the Tennessee Constitution. Before the Court is a motion on behalf of Gibson County, the Gibson County Sheriff's Department, Sheriff Shepherd, Madison County, the Madison County Sheriff's Department, Sheriff Woolfork, and Tommy G. Buntin to dismiss plaintiff's claims. Plaintiff has filed a response to the motion to dismiss.

In evaluating a motion to dismiss under Rule 12(b)(6), allegations in the complaint are taken as true and the complaint construed liberally in favor of the party opposing the motion to dismiss. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). A complaint should not be dismissed unless the court determines that the plaintiff can undoubtedly prove no set of facts in support of his claim that would entitle him to relief. Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 724 (6th Cir. 1996) (citing Conley, 355 U.S. at 45-46); Allard v. Weitzman (In re Delorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993).

2

The court's task in a motion under Rule 12(b)(6) is not to determine whether the plaintiff wins on his claim; rather, the court must determine whether the plaintiff is entitled to offer evidence to support his allegations. Mercado v. Kingsley Area Schools/Traverse City Public Schools, 727 F. Supp. 335, 338 (W.D. Mich. 1989) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Thus, complaints that "set forth enough information to outline the elements of a claim or to permit inferences to be drawn that these elements exist" state a claim sufficient to avoid dismissal. Id. (citing Jenkins v. McKeithen, 395 U.S. 411 (1969)).

The defendants first ask dismissal of all claims against the Gibson County Sheriff's Department and Madison County Sheriff's Department because they are not proper parties. Plaintiff contends that this court should follow Kennibrew v. Russell, 578 F. Supp. 164 (E.D. Tenn. 1983), denying the defendants' motion to dismiss the Knox County Sheriff's Department as an unsuable entity. However, the Sixth Circuit has held that police departments are not legal entities which may be sued. See Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994). Therefore, the court GRANTS the motion to dismiss the sheriff's departments as defendants.

Second, the defendants seek dismissal of the state constitutional claims. The defendants correctly point out that Tennessee does not recognize an implied private cause of action for alleged violations of the Tennessee Constitution. See Cline v. Rogers, 87 F.3d 176, 179 (6th Cir. 1996); Wooley v. Madison County, Tennessee, 209 F. Supp. 2d 836, 844 (W.D. Tenn. 2002); Bowden Bldg. Corp. v. Tennessee Real Estate Comm'n, 15 S.W.3d 434, 446 (Tenn. Ct. App. 1999). Accordingly, the court GRANTS the motion to dismiss plaintiff's state constitutional claim. This ruling applies equally to the state constitutional claim against defendants City of Medina, City of Medina Police Department, James Baker, Chad Davis, and John and Jane Does.

3

Third, defendants contend, and plaintiff concedes, that the punitive damages claims against Gibson County, Sheriff Shepherd, Madison County, Sheriff Woolfork, and Deputy Buntin in his official capacity should be dismissed. Punitive damages cannot be recovered from municipalities or municipal officers acting in their official capacities in a § 1983 claim. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 263-65 (1981) (finding that the legislative history for § 1983 and common law both support municipal immunity from punitive damages). Thus, the court GRANTS defendants' motion to dismiss plaintiff's punitive damages claims against Gibson County, Sheriff Shepherd, Madison County, Sheriff Woolfork, and Tommy Buntin in his official capacity. This ruling also applies to the punitive damages claims against defendants City of Medina, City of Medina Police Department, James Baker, Chad Davis, and John and Jane Does in their official capacities. However, this ruling does not dismiss the punitive damages claims against Tommy Buntin, Chad Davis, or John and Jane Does in their individual capacities.

Fourth, defendants seek dismissal of plaintiff's federal constitutional claims, contending that plaintiff has failed to state a claim by pleading any constitutional violations. As already noted, this court's task on a motion to dismiss is not to determine whether or not the plaintiff will win, but to decide whether or not plaintiff is entitled to offer evidence supporting his claims. In his complaint, plaintiff pled violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments and "set forth enough information to" at least "permit inferences to be drawn that [the] elements [of a claim] exist." Mercado, 727 F. Supp. at 338 (citing Jenkins v. McKeithen, 395 U.S. 411 (1969)).  Therefore, this court finds plaintiff's federal constitutional claims sufficient to survive

dismissal. Accordingly, defendants' motion to dismiss the federal constitutional claims is
DENIED.

Finally, defendants ask this court to dismiss plaintiff's state law claims of negligence,
outrageous conduct, false arrest, and malicious prosecution because under the TGTLA, the
circuit courts of Tennessee have exclusive jurisdiction over such claims. Plaintiff's § 1983
claims would ordinarily confer supplemental jurisdiction over the TGTLA claims because they
arise out of the same facts and form part of the same case or controversy. See 28 U.S.C.
§ 1367(a). However, TGTLA claims must be brought in "strict compliance" with the terms of the
Act. Tenn. Code Ann. § 29-20-201(c). The TGTLA gives the state circuit courts exclusive
original jurisdiction over claims brought pursuant to its provisions. Id. at § 29-20-307.

In Beddingfield v. City of Pulaski, 666 F. Supp. 1064 (M.D. Tenn. 1987), *rev'd on other
grounds*, 861 F.2d 968 (6th Cir. 1988), the district court held that the Act's exclusive grant of
jurisdiction to the state circuit courts precluded the federal court's exercise of supplemental
jurisdiction over TGTLA claims. The court reasoned that when such supplemental state law
claims involve neither federal law nor federal diversity jurisdiction, no Supremacy Clause
interests are implicated. Therefore, federal courts would appear obligated to apply the TGTLA
limitations on suability as a matter of state substantive law. See Fromuth v. Metropolitan Gov't
of Nashville, 158 F. Supp. 2d 787, 798 (M.D. Tenn. 2001); cf. Timberlake v. Benton, 786 F.
Supp. 676, 696-97 (M.D. Tenn. 1992) (dismissing City and officers in their official capacities
pursuant to Beddingfield but declining to apply the holding to the officers in their individual
capacities).

In addition, a federal district court may, in its discretion, decline supplemental jurisdiction over a state law claim, even if jurisdiction would otherwise be proper under 28 U.S.C. § 1367(a). Section 1367(c)(4) allows a district court to "decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Plaintiff argues, however, that the Court should follow Malone v. Fayette County, 86 F. Supp. 2d 797 (W.D. Tenn. 2000), in which it was held that the exclusivity provisions of the TGTLA are not sufficient reason to decline jurisdiction under § 1367(c). However, the Court of Appeals for the Sixth Circuit has held otherwise.

In Gregory v. Shelby County, Tenn., 220 F.3d 433 (6th Cir. 2000), the Court of Appeals affirmed the district court's dismissal of the TGTLA claims, stating, "[i]n this instance, the Tennessee legislature expressed a clear preference that TGTLA claims be handled by its own state courts. This unequivocal preference of the Tennessee legislature is an exceptional circumstance for declining jurisdiction." Id. at 446. See also Maxwell v. Conn, No. 89-5060, 1990 WL 2774 (6th Cir. Jan. 18, 1990) (TGTLA's grant of exclusive jurisdiction to the state courts "belied" plaintiff's argument that he could expect to try the TGTLA claims in the same proceeding as his federal claims); Spurlock v. Whitley, 971 F. Supp. 1166, 1185 (M.D. Tenn. 1997).

This court has accepted supplemental jurisdiction over TGTLA claims only in the very limited situation where an action is timely filed by the plaintiff in state court, but is then removed to this court by the defendants, and the plaintiff's statute of limitations has run so that the claims cannot be refiled in state court. See Davis v. Hardin County, #99-1218 (W.D. Tenn. Oct. 23, 2001) (granting a motion to reconsider and reinstating TGTLA claims). This case, however, was

6

not filed by the plaintiff in state court, but was filed in this court as an original action. Under these circumstances, the court declines to accept supplemental jurisdiction over the plaintiff's state law claims. This ruling applies equally to the TGTLA claims against defendants City of Medina, City of Medina Police Department, James Baker, Chad Davis, and John and Jane Does.

In conclusion, the defendants' motion to dismiss is GRANTED as to the defendants Madison County Sheriff's Department and Gibson County Sheriff's Department, the state constitutional claims asserted against all defendants, and the punitive damages claim against all defendants except Tommy Buntin, Chad Davis, and Jane and John Does in their individual capacities. The TGTLA claims against all defendants are DISMISSED pursuant to 28 U.S.C. § 1367(c)(4). The motion to dismiss is DENIED as to the federal constitutional claims against remaining defendants.

IT IS SO ORDERED.


JAMES D. TODD
UNITED STATES DISTRICT JUDGE

1 August 2005
DATE

7

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 22 in
case 1:05-CV-01129 was distributed by fax, mail, or direct printing on
August 3, 2005 to the parties listed.

---

Louis P. Chiozza
CHIOZZA & ASSOCIATES
230 Adams Ave.
Memphis, TN 38103

Kathleen Ball
BALL LAW FIRM
3173 Poplar Avenue
Memphis, TN 38111

Jon A. York
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Jerry P. Spore
SPRAGINS BARNETT COBB & BUTLER
312 East Lafayette St.
Jackson, TN 38302--200

James I. Pentecost
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Michael R. Hill
FLIPPIN COLLINS & HILL, PLLC
P.O. Box 679
Milan, TN 38358

Fred Collins
FLIPPIN COLLINS & HILL, PLLC
P.O. Box 679
Milan, TN 38358

Honorable James Todd
US DISTRICT COURT