IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID BOLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 05-1129-T-An |
| | ) | |
| | ) | |
| GIBSON COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

## ORDER GRANTING DEFENDANT TURNER'S MOTION TO DISMISS

---

On May 5, 2005, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against

Gibson County, the Gibson County Sheriff's Department, Madison County, the Madison

County Sheriff's Department, and various Gibson and Madison County law enforcement

officials and officers.  The complaint also named an unidentified group of law enforcement

personnel for the City of Medina, Gibson County, and Madison County ("John and Jane

Does"). Plaintiff asserted that his constitutional rights were violated when he was arrested

and detained. Plaintiff also alleged various state law claims against Defendants, under the

Tennessee Governmental Tort Liability Act ("TGTLA"), T.C.A. § 29-20-201 *et seq.*, and

a state constitutional violation.[1]

---

[1] In an order entered on August 3, 2005, the court dismissed the Madison County Sheriff's Department and Gibson County Sheriff's Department as defendants and dismissed the state constitutional claims and the TGTLA claims asserted against all defendants and the punitive damages claim against all defendants except Tommy Buntin, Chad Davis, and Jane and John Does in their individual capacities.

On October 17, 2005, Plaintiff was granted leave to file an amended complaint, which he did on October 24, 2005.  On November 8, 2005, the court granted Plaintiff's motion to file a second amended complaint, which Plaintiff did on November 16, 2005.  In the second amended complaint, Plaintiff added Dawn Turner as a defendant.  Defendant Turner has filed a motion a motion to dismiss [Docket # 51], and Plaintiff has responded to the motion.  For the reasons set forth below, Defendant's motion is GRANTED.

In evaluating a motion to dismiss under Rule 12(b)(6), allegations in the complaint are taken as true and the complaint construed liberally in favor of the party opposing the motion to dismiss. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). A complaint should not be dismissed unless the court determines that the plaintiff can undoubtedly prove no set of facts in support of his claim that would entitle him to relief. Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 724 (6th Cir. 1996) (citing Conley, 355 U.S. at 45-46); Allard v. Weitzman (In re Delorean Motor Co.), 991 F.2d 1236, 1240 (6th Cir. 1993).

The court's task in a motion under Rule 12(b)(6) is not to determine whether the plaintiff wins on his claim; rather, the court must determine whether the plaintiff is entitled to offer evidence to support his allegations. Mercado v. Kingsley Area Schools/Traverse City Public Schools, 727 F. Supp. 335, 338 (W.D. Mich. 1989) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Thus, complaints that "set forth enough information to outline the elements of a claim or to permit inferences to be drawn that these elements exist" state a claim sufficient to avoid dismissal. Id. (citing Jenkins v. McKeithen, 395 U.S. 411 (1969)).

Defendant contends that the claims against her should be dismissed on the grounds that

(1) she is entitled to judicial or quasi-judicial immunity and (2) the claims are barred by the

applicable statute of limitations.  Defendant Turner is the court clerk who issued the warrant

pursuant to which Plaintiff was arrested, and she set his initial bond at $200,000.[2]  Plaintiff

contends that the bond was excessive in violation of the Eighth Amendment.

T.C.A. § 40-6-214 provides that "Clerks of courts of general sessions and their duly

sworn deputies have jurisdiction and authority, concurrent with that of the judges thereof, to

issue warrants for the arrest of persons." T.C.A. § 40-11-105 provides as follows:

> (a)(1) When the defendant has been arrested and/or held to answer for any
> bailable offense, the defendant is entitled to be admitted to bail by the
> committing magistrate, by any judge of the circuit or criminal court, or by the
> clerk of any circuit or criminal court; provided, that if admitted to bail by the
> clerk of any circuit or criminal court, the defendant has a right to petition the
> judge of such court if the defendant feels that the bail set is excessive, and shall
> be given notice of this fact by such clerk.
>
> (2) The clerk of any circuit or criminal court may only admit the defendant to
> bail when the judge is not present in the court and the clerk reasonably believes
> that the judge will not be present within three (3) hours after the defendant has
> been committed to the county or city jail, following arrest.
>
> (b) In no event may a clerk set the amount of bail in excess of:
>
> (1) One thousand dollars ($1,000) if the defendant is charged with a misdemeanor;
>
> (2) Ten thousand dollars ($10,000) if the defendant is charged with a felony
> that does not involve a crime committed against a person;
>
> (3) Fifty thousand dollars ($50,000) if the defendant is charged with a felony
> that involves a crime committed against a person; or
>
> (4) One hundred thousand dollars ($100,000) if the defendant is charged with

---

[2] Plaintiff remained in jail from June 7 until June 10, 2004, before his bond was lowered.

some form of homicide.

Clearly, Plaintiff's bond of $200,000 exceeded the limits of T.C.A. § 40-11-105.

However, it is well-settled that, when court personnel perform tasks that are part of the

judicial process or act pursuant to court orders, quasi-judicial immunity applies, and they are

absolutely immune from liability for their actions.  Briscoe v. LaHue, 460 U.S. 325, 329-35

(1983).  In Bush v. Rauch, 38 F.3d 842 (6th Cir. 1994), the court found that an administrator

was acting as an "arm of the court" in carrying out the order of a referee to prepare an

assessment, and, thus, the administrator was entitled to absolute quasi-judicial immunity. In

reaching its decision, the court noted that:

> It is well established that judges are entitled to absolute judicial immunity
> from suits for money damages for all actions taken in the judge's judicial
> capacity, unless these actions are taken in the complete absence of any
> jurisdiction.  Moreover, absolute judicial immunity has been extended to
> non-judicial officers who perform "quasi-judicial" duties. **Quasi-judicial
> immunity extends to those persons performing tasks so integral or
> intertwined with the judicial process that these persons are considered
> an arm of the judicial officer who is immune.**

Id.  at 847(citations and footnote omitted) (emphasis added).  The court then determined that

the defendant's act in carrying out a judicial order was an action that constituted a "basic and

integral part of the judicial function," and held that absolute quasi-judicial immunity applied.

Setting a bail bond is a quasi-judicial activity that confers immunity on a court clerk.

See White v. Gerbitz, 892 F.2d 457, 464 (6th Cir.1989). ("Finally, even if [the clerk's] conduct

somehow proximately caused White's alleged constitutional injury, setting bail is a

quasi-judicial activity.  Accordingly, [the clerk] would be entitled to absolute immunity in this

action (citing Denman v. Leedy, 479 F.2d 1097 (6th Cir.1973)).  Because Defendant Turner's

action in setting Plaintiff's bond was part of the judicial process, Defendant Turner is immune

from liability for that action.

However, even if she was not entitled to quasi-judicial immunity, the claims against

her are barred by the statute of limitations.  Plaintiff's claim accrued at the latest on June 10,

2004, when he was released from jail.  Because § 1983 does not contain its own statute of

limitations, the court must look to state law to determine the appropriate limitations period.

Sharpe v. Cureton, 319 F.3d 259, 266 (6th Cir.2003); Sevier v. Turner, 742 F.2d 262, 272 (6th

Cir.1984). Tennessee provides for a one-year limitations period for civil rights actions under

§ 1983.  See T.C.A. § 28-3-104(a)(3); Hughes v. Vanderbilt Univ., 215 F.3d 543, 547 (6th

Cir.2000). Plaintiff's second amended complaint, adding Defendant Turner, was not filed until

November 14, 2005, which is more than one year after the accrual of the claim.

Consequently, the claim is time-barred unless it related back to the original complaint.

In the original complaint, Plaintiff named several Jane and Joe Doe defendants.  Since

Plaintiff's attempt to substitute Turner for a "Doe" defendant is considered a change in parties,

he must meet the requirements of Fed. R. Civ. P. 15(c) for the change to relate back to the

filing date of the original complaint. See Cox v. Treadway, 75 F.3d 230, 240 (6th Cir.1996).

Rule 15(c) of the Federal Rules of Civil Procedure provides that an amendment naming

new parties relates back to the date of the filing of the original complaint only under certain

conditions.

> An Amendment of a pleading relates back to the date of the original pleading
> when . . . (2) the claim or defense asserted in the amended pleading arose out
> of the conduct, transaction, or occurrence set forth or attempted to be set forth
> in the original pleading, or (3) the amendment changes the party or the naming

of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by Amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c)(2) and (3).

In <u>Cox v. Treadway</u>, 75 F.3d 230, 239 (6th Cir. 1996), the plaintiffs sued "unnamed police officers" of the City of Louisville and the Kentucky State Police in their original complaint. The statute of limitations expired on June 20, 1991. <u>Id.</u> The plaintiffs filed an amended complaint on March 30, 1992, in which they named officers Wilson, Assef, Hyland, and Timmons as additional defendants. <u>Id.</u> at 239-40. The district court granted the motion of the newly named defendants to dismiss the amended complaint against them on the ground that the action against them was barred by the statute of limitations. <u>Id.</u> at 240.

On appeal, the plaintiffs argued that the amended complaint related back to the filing of the original complaint because the defendants had constructive notice of the suit. <u>Id.</u> In affirming the holding of the district court, the Sixth Circuit determined that:

Appellants' amended complaint does not relate back. Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the "mistaken identity" requirement of Rule 15(c)(3)(B). The amendment attempted by appellants clearly adds new parties to the complaint.

The naming of "unknown police officers" in the original complaint does not save the pleading. Substituting a named defendant for a "John Doe" defendant is considered a change in parties, not a mere substitution of parties. Therefore, the requirements of Fed. R. Civ. P. 15(c) must be met in order for the amendment adding the named defendant to relate back to the filing of the original complaint.

Id. (citations omitted).

> The reasoning of <u>Doe v. Sullivan Co.</u>, 956 F.2d 545, 552 (6th Cir. 1992), is applicable

to the present case.

> Although as jailers the three defendants reasonably could be expected to have
> known of the instant suit, this alone is insufficient to impute to them knowledge
> of their future status as defendants. Many jailers and employees who were not
> named as defendants were aware of and even deposed in this case. It cannot
> seriously be maintained, however, that knowledge of their interest in the matter
> should be imputed to all of them. Plaintiff offers no grounds for why [the
> proposed defendants] should have been uniquely aware that they were parties
> in interest.

Here, Plaintiff has alleged no facts that would indicate that Defendant Turner  was aware that

she should be a defendant in the suit. Plaintiff asserts that Turner had constructive notice of

the suit because the John and Jane Does were "identified as other County personnel involved

in the issuance of the warrant and arrest." Response at p. 5. Plaintiff is in error. The original

complaint identifies the Doe defendants as "duly appointed sheriff's deputies with the Gibson

County and Madison County Sheriff's Department and City of Medina Police Department."

Complaint at para. 10. Not only was Defendant Turner not included as a defendant in the

original complaint, the description of the Doe defendants excluded her.

> Plaintiff also relies on the fact that Gibson County is named as a defendant, and

Defendant Turner is an official of Gibson County. Response at p. 6. If Plaintiff's reasoning

were correct, then every Gibson and Madison County official should be on notice that they

could be added as a defendant merely because of their status as officials. Plaintiff offers no

authority to support this proposition. Accordingly, the amendment adding Defendant Turner

as a defendant does not relate back to the original complaint, and the statute of limitations has

expired as to any claim against her.

Defendant Turner's motion to dismiss is GRANTED, and she is hereby DISMISSED as a defendant.

IT IS SO ORDERED.

s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE